Lakhvinder SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71093.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2004.*

Decided Jan. 13, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Margaret Perry, Esq., Patrice A. Shelburne, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM **

Lakhvinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' affirmance of the order of an Immigration Judge denying Singh's applications for asylum and withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, and we will uphold the BIA's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS,* 336

** This disposition is not appropriate for publication and may not be cited to or by the

F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the adverse credibility finding. As one example, Singh testified, and also stated in his appellate brief to this court, that he was arrested a third and final time from his home. When asked to explain why a letter from his gurdwara did not mention two earlier arrests, Singh stated that the third arrest took place from the Sikh temple. This is a material inconsistency that goes to the heart of Singh's claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Singh did not establish eligibility for asylum, he did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). Substantial evidence supports the conclusion that Singh is not entitled to relief under the CAT because he did not demonstrate that it is more likely than not that he would be tortured upon return to India. *See Malhi,* 336 F.3d at 993.

## PETITION FOR REVIEW DENIED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.